UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ELAINE STANLEY,

                Plaintiff,

           v.                                        21-CV-806-LJV-JJM
                                                                            DECISION & ORDER

CAPITAL LINK MANAGEMENT LLC,

                Defendant.

_____

On July 14, 2021, the plaintiff, Elaine Stanley, filed a complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. Docket Item 1. After the defendant, Capital Link Management LLC ("Capital Management"), answered, Docket Item 4, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A), Docket Item 6.

On January 10, 2022, Capital Management's counsel moved to withdraw, Docket Item 12, and Judge McCarthy granted that motion, Docket Item 16. New counsel subsequently appeared for Capital Management, see Docket Item 17; several months later, however, that attorney also moved to withdraw, Docket Item 31, and Judge McCarthy granted that motion, Docket Item 33. In the order granting the motion, Judge McCarthy noted that "[b]ecause Capital Management is a limited liability company, it may not appear or proceed in this action except by an attorney." *Id.* (citing *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2nd Cir. 2007)). Judge McCarthy therefore ordered that "by September 8, 2022, counsel shall enter an appearance on behalf of Capital

Management, failing which plaintiff may seek a default judgment against Capital Management." *Id.*

New counsel did not appear, and about two years later, Stanley asked the Clerk of Court to enter default. *See* Docket Item 36. After the Clerk did so, Docket Item 37, Stanley moved for a default judgment, Docket Item 39. She seeks $1,000 in statutory damages and states that she will "submit [a] request for attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) should the Court grant [her] motion." Docket Item 39-1 at 6.

When Capital Management missed the deadline to respond to the motion for default judgment, this Court ordered it to show cause why the motion should not be granted. Docket Item 42. Capital Management failed to respond to that order, and the deadline to do so has passed. *See id.*

For the reasons that follow, this Court grants Stanley's motion in part. More specifically, the Court grants Stanley's motion for a default judgment but awards $500 in statutory damages instead of the $1,000 she requested. Stanley may submit her request for reasonable attorney's fees to Judge McCarthy within 30 days of the date of this decision and order.

## **BACKGROUND**

Stanley incurred consumer debt that Capital Management sought to collect.[1] Docket Item 1 at ¶¶ 5-8. Toward that end, Capital Management "sent a text message to

---

[1] Upon entry of default, the court accepts as true the complaint's factual allegations, except those relating to damages, and draws all reasonable inferences in the moving party's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009);

2

[Stanley's] sister-in-law" in which it "wrongfully disclosed that [Stanley] owed a debt and further disclosed details about the [d]ebt to [Stanley's] sister-in-law." *Id.* at ¶¶ 9-10; *see* Docket Item 39-2 (text message that complaint alleges was sent to Stanley's sister-in-law, *see* Docket Item 1 at ¶¶ 9-10; Docket Item 39-1 at 3, stating: "Elaine Stanley, your Check N Go account was transferred to Capital Link Management.  Balance owed of $4,976.36, we can settle the account for $1,990.54.  If you are interested in resolving this please call 1-833-755-8393.  To opt out please respond STOP."). Stanley's "sister-in-law is not responsible for repayment of [Stanley's d]ebt," and Stanley "did not give Capital [Management] permission to speak with her sister-in-law." Docket Item 1 at ¶¶ 11-12.  This disclosure caused Stanley "a great deal of embarrassment, humiliation[,] and distress." *Id.* at ¶ 13.

## DISCUSSION

### A.   Default Judgment

To obtain a default judgment, a party must secure a clerk's entry of default by demonstrating, "by affidavit or otherwise," that the opposing party "has failed to plead or otherwise defend" the case.  Fed. R. Civ. P. 55(a).  In considering whether to enter a default judgment, the court accepts the factual allegations in the complaint as true and determines whether the alleged facts state a valid claim for relief; the court also has the discretion to require further proof of necessary facts.  *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (discussing Fed. R. Civ. P. 55(b)(2)).  As to damages, the court should take steps, including by hearing when necessary, to establish an

---

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).

amount with reasonable certainty.  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (discussing Fed. R. Civ. P. 55(b)(2)).

      **B.**    **FDCPA Claims**

          **1.**    **Liability**

Stanley asserts that Capital Management violated the FDCPA by contacting her sister-in-law and revealing information about her debt.  Docket Item 1 at ¶¶ 9-10, 16-26.  Taking all allegations as true, the Court finds that the complaint has adequately alleged a violation of the FDCPA by Capital Management.  More specifically, 15 U.S.C. § 1692b prohibits a debt collector from "stat[ing] that [the] consumer owes any debt" when "communicating with any person other than the consumer."  15 U.S.C. § 1692b(2).  In fact, communications with any person other than the consumer are permitted only for the purpose of acquiring location information.  *Id.* §§ 1692b, 1692c(b).  The text message to Stanley's sister-in-law clearly stated that Stanley owed a debt and was not for the purpose of acquiring information about Stanley's location or how she could be reached.  *See* Docket Item 39-2.  Therefore, this Court finds that Stanley has established a violation of the FDCPA for the purposes of default judgment.

          **2.**    **Damages**

Under the FDCPA, a court may award each plaintiff up to $1,000 in statutory damages.  15 U.S.C. § 1629k(a)(2).  Proof that the statute was violated warrants damages, "although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling."  *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).

In calculating an appropriate award of statutory damages, the court considers factors such as the frequency, persistence, nature, and intentionality of noncompliance by the debt collector.  15 U.S.C. § 1692k(b)(1).  Awards of the $1,000 statutory maximum are rare and "are typically granted [only] in cases where the defendants' violations are 'particularly egregious or intimidating.'"  *Carbin v. N. Resol. Grp., LLC*, 2013 WL 4779231, at *2 (W.D.N.Y. Sept. 5, 2013) (quoting *Cordero v. Collection Co.*, 2012 WL 1118210, at *2 (E.D.N.Y. Apr. 3, 2012)).

Here, Stanley seeks $1,000 in statutory damages.[2]  Docket Item 39-1 at 5-6.  In support of her request for the statutory maximum, she states that Capital Management "blatantly violated the requirements of the FDCPA" and that its "violations . . . were not mere technical violations, but instead deliberately and intentionally attempting to collect a debt from [Stanley] by disclosing details about the debt to an unauthorized third party."  *Id.* at 5.  "This conduct," Stanley urges, "goes to the heart of what the FDCPA is supposed to prevent, i.e., predatory debt collection practices."  *Id.*

The Court finds that a damages award of $1,000 is not warranted by the facts of this case.  *See Dembitzer v. Weinberg Mediation Grp. LLC*, 2018 WL 4088077, at *5 (E.D.N.Y. Aug. 3, 2018) (explaining that "[c]ourts of this [c]ircuit have reserved the maximum award of $1,000 for violations that are particularly egregious" (citation and internal quotation marks omitted), *report and recommendation adopted*, 2018 WL

---

[2] In her complaint, Stanley also sought actual damages based on alleged emotional injuries from Capital Management's conduct.  Docket Item 1 at ¶¶ 14-15.  In her motion for default judgment, however, she seeks judgment for statutory damages only.  *See* Docket Item 39-1 at 5-6.  Therefore, this Court will deem Stanley's "claim for actual damages to be abandoned."  *See Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, at *3 n.2 (W.D.N.Y. Jan. 28, 2011).

5

4087921 (E.D.N.Y. Aug. 27, 2018); *see also Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, at *1, 3 (W.D.N.Y. Jan. 28, 2011) (deeming $1,000 "excessive" where defendant made calls to the plaintiff's workplace and made empty threats of litigation). Capital Management's violation consisted of only one text message, and "nothing (other than a conclusory assertion by [Stanley] in the [c]omplaint) indicates that [the communication with Stanley's sister-in-law was] intentional."  *See Dembitzer*, 2018 WL 4088077, at *6.  That being said, a message to a third party, by its very nature, constitutes an invasion of privacy that can cause real harm to the plaintiff.  Taking all of the circumstances into account, this Court finds that $500 is an appropriate award of damages.  *See, e.g.*, *Savino*, 164 F.3d at 86 (affirming award of $500 for letter that "violated the FDCPA but . . . was not threatening or abusive in tone"); *Dembitzer*, 2018 WL 4088077, at *6 (finding $500 in statutory damages appropriate where defendant "left a message that failed to disclose it was from a debt collector, and in a second call contacted and disclosed information about the debt to a third party"); *Dona v. Midland Credit Mgmt., Inc.*, 2011 WL 941204, at *3 (E.D.N.Y. Feb. 10, 2011) (finding $500 in statutory damages appropriate where defendant left message on plaintiff's answering machine for the purposes of collecting a debt without indicating that call was from debt collector), *report and recommendation adopted*, 2011 WL 939724 (E.D.N.Y. Mar. 15, 2011).

      **3.    Attorney's Fees**

Under the FDCPA, the court has the discretion to award reasonable attorney's fees to successful litigants.  *See* 15 U.S.C. § 1692k(a)(3).  Stanley states that she "will submit her request for attorney's fees and costs . . . should the Court grant [her]

6

motion." Docket Item 39-1 at 6. This Court refers this case back to Judge McCarthy for consideration of that request.

## **CONCLUSION**

For the reasons stated above, Stanley's motion for a default judgment is granted in part; more specifically, she is awarded the amount of $500 in statutory damages. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of August 24, 2021, Docket Item 6. Stanley shall submit her request for attorney's fees to Judge McCarthy within 30 days of the date of this decision and order.

SO ORDERED.

Dated: February 14, 2025
        Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE