UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELAINE STANLEY,

        Plaintiff,

        v.                                    21-CV-806-LJV-JJM
                                                      DECISION & ORDER

CAPITAL LINK MANAGEMENT LLC,

        Defendant.

---

On February 14, 2025, this Court granted a motion for a default judgment filed by the plaintiff, Elaine Stanley, and awarded her $500 in statutory damages under the Fair Debt Collection Practices Act ("FDCPA"). Docket Item 44. The Court directed Stanley to file a motion for attorneys' fees, *id.*, which she did, Docket Item 45; *see also* 15 U.S.C. § 1692k(a)(3) (allowing for reasonable attorneys' fees in FDCPA cases).[1]

The Court has carefully reviewed Stanley's motion and, for the reasons that follow, grants her request and awards her $9,130.00 in attorneys' fees and $487.00 in costs.

---

[1] The Court initially directed Stanley to submit her motion to United States Magistrate Judge Jeremiah J. McCarthy, *see* Docket Item 44 at 7, to whom this Court had referred this matter under 28 U.S.C. § 636(b)(1)(A), *see* Docket Item 6. But because motions for attorneys' fees at the end of a case are dispositive, *see McConnell v. ABC-Amega, Inc.*, 338 Fed. App'x. 24, 26 (2d Cir. 2009) (summary order), and the referral to Judge McCarthy was for non-dispositive motions only, *see* Docket Item 6, this Court considers Stanley's motion in the first instance.

**DISCUSSION**

Under the FDCPA, courts have discretion to award reasonable attorneys' fees to successful litigants. *See* 15 U.S.C. § 1692k(a)(3). A court should consider case-specific variables in setting a reasonable hourly rate, which in turn should be used to calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 111-12 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008). The hourly rates charged in the reviewing court's district are presumptively the rates that the court should use. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175-76 (2d Cir. 2009). Therefore, this Court considers the prevailing market rate in the Western District of New York in determining a reasonable fee here. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (considering the market rate for "similar services by lawyers of reasonably comparable skill, experience[,] and reputation").

In support of her motion for attorneys' fees, Stanley submitted time records indicating that three attorneys—Sergei Lemberg, Jody Burton, and Joshua Markovits—spent a cumulative total of 28 hours on her case and that a paralegal spent 7.3 hours. Docket Item 45-2 ¶ 20; *see* Docket Item 45-3. Stanley requests hourly rates of $300 per hour for attorney time and $100 per hour for paralegal time. Docket Item 45-2 ¶ 20. All three attorneys have extensive experience in litigating consumer protection cases: Burton has been practicing for more than thirty years, Lemberg for more than twenty, and Markovits for more than ten. *see* Docket Item 45-1 at 4-6. The memorandum of law supporting Stanley's motion for attorneys' fees does not indicate the level of experience of the paralegal who worked on the case. *See generally* Docket Item 45-1.

  Given recent case law in this district, the Court finds that Stanley's requested hourly rate of $300 for her attorneys to be reasonable and appropriate. *See, e.g.*, *McPhaul v. Insight Mgmt. Partners,* 2022 WL 542534, at *4 (W.D.N.Y. Feb. 23, 2022) (finding $300 attorney hourly rate reasonable for experienced attorney in FDCPA case); *Welch v. PDL Recovery Grp., LLC,* 2019 WL 4887595, at *3 (W.D.N.Y. Oct. 3, 2019) (same); *Eades v. Kennedy, PC. Law Offs.*, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (same); *Langhorne v. Takhar Grp. Collection Servs., Ltd.*, 2016 WL 1177980, at *2 (W.D.N.Y. Mar. 28, 2016) (same).  Although a closer question, the Court also finds the requested paralegal rate to be reasonable and appropriate for this District. *See, e.g., Warman v. L. Off. of Daniel M. Slane*, 2017 WL 971196, at *4 (W.D.N.Y. Mar. 13, 2017) (this Court's finding nearly nine years ago that "[h]aving received no indication of the experience of the respective paralegals who worked on this case, . . . an hourly rate of $90 [wa]s appropriate for their services"); *Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 348 (E.D.N.Y. 2014) (finding over a decade ago that "[i]n the Second Circuit, prevailing paralegal, law clerk and legal assistant rates have more recently been found to be anywhere from $70 to $100 per hour").

  Based on its review of the billing records, the Court finds the 28 hours of attorney time and 7.3 hours of paralegal time to be reasonable.  Using the $300 hourly rate for the attorneys and the $100 hourly rate for the paralegal, this Court therefore awards attorneys' fees to Stanley in the amount of $9,130.  The Court also awards the requested $487 in costs for the filing fee and service of the summons and complaint.

**CONCLUSION**

For the reasons stated above, this Court GRANTS Stanley's motion, Docket Item 45, and awards her $9,130 in attorneys' fees and $487 in costs. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated: January 21, 2026
Buffalo, New York

                                                */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE